UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
FRANCIS FALLS,                                  :
an individual,                                  :         CASE NO.:
                                                :
         Plaintiff,                             :         Judge:
                                                :
vs.                                             :         Magistrate Judge:
                                                :
                                                :
RIVERLAKE NEW ORLEANS                           :
PROPERTIES, L.L.C.                              :
                                                :
                                                :
         Defendant.                             :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, FRANCIS FALLS, by and through his undersigned counsel, hereby files this Complaint and sues RIVERLAKE NEW ORLEANS PROPERTIES, L.L.C. ("DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, FRANCIS FALLS, (hereinafter referred to as "MR. FALLS"), is a resident of Orleans Parish, Louisiana.

4.  MR. FALLS is a qualified individual with a disability under the ADA. MR. FALLS is

1

afflicted paraplegia as a result of a spinal injury.

5. MR. FALLS is a disabled man who sought to rent property owned and/or made available by defendants. MR. FALLS has been, and continues to be, adversely affected by the acts, policies, and practices of the DEFENDANT. He is an aggrieved person according to the Fair Housing Act. See 42 U.S.C. § 3602(i)(1).

6. Due to his disability, MR. FALLS is substantially impaired in several major life activities and requires a wheelchair for mobility.

7. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Louisiana and doing business in Orleans Parish.

8. Upon information and belief, DEFENDANT is the owner of the real properties and improvements which are the subject of this action, to wit: the Riverlake Properties Rental Office located at 826 Adams Street, New Orleans, Louisiana 70118 (hereinafter referred to as "the Property").

9. Upon information and belief, DEFENDANT operates a real estate rental office out of the Property.

10. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MR. FALLS realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located at: 826 Adams Street, New Orleans, Louisiana 70118.

13. The Property is a real estate rental office which members of the public can visit to obtain information of properties and homes which are available for sale or rent.

14. MR. FALLS lives in New Orleans and is seeking housing.

15. Upon information and belief, on or about January 19, 2016, MR. FALLS visited the Property out of a desire to obtain information about the rental of housing. ("the Visit")

16. During the Visit to the Property, MR. FALLS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 23 of this Complaint.

17. Specifically, MR. FALLS was unable to enter the Property as a result of steps at the entrance and the lack of a corresponding ramp.

18. As a result of DEFENDANT'S failure to install a ramp or to provide an alternative accommodation or means of entrance, MR. FALLS is unable to enter the Property to utilize the services and accommodations offered by DEFENDANT, including the rental of housing. In addition to humiliation and segregation, MR. FALLS is fearful that if he returns to the Property, he will again be unable to enter the Property due to the steps at the entrance and lack of a corresponding ramp or other means of entrance.

19. Further, as a result of DEFENDANT'S refusal to install a ramp or to provide an alternative accommodation, MR. FALLS is denied the opportunity to review and evaluate all of the services which are made available to customers and patrons at the Property. Additionally, MR. FALLS is denied the ability to take advantage of the privacy of an area where he can

evaluate his housing options in person with DEFENDANT'S sale representatives.

20. MR. FALLS continues to desire to visit the Property and utilize the accommodations offered therein, but he continues to experience serious difficulty due to the barriers discussed below in Paragraph 23 which still exist.

21. MR. FALLS intends to and will regularly visit the Property to determine whether the barriers to access have been removed, but until said barriers are removed MR. FALLS fears that he will not be able to benefit from the accommodations and services which are offered at the Property.

22. MR. FALLS also intends on traveling to the Property as an ADA tester in the near future to see if the barriers to access described in Paragraph 23 still exist or have been modified.

23. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. FALLS due to, but not limited to the following barriers which MR. FALLS personally observed and/or encountered which hindered his access:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A. The entrance into the Property is inaccessible as a result of two or three steps.

        B. Failure to designate an alternative means through which the goods, services, and accommodations which are available at the Property can be utilized by persons with mobility related impairments.

24. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions

of the ADA, even though their removal is readily achievable.

25. MR. FALLS demands a full and complete inspection of this Property for all mobility-related ADA barriers.

26. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

27. Upon information and belief, removal of the barriers to access located at the Facility would provide MR. FALLS an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

28. Upon information and belief, in the alternative, if there has been an alternation to the Property since January 26, 1992, then DEFENDANT is required to ensure to the maximum extent feasible, that the altered portions of the Property are readily accessible to and useable by individuals who use wheelchairs, pursuant to 28 C.F.R. § 36.402.

29. Independent of his intent to return as a patron to the Property, MR. FALLS additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

30. MR. FALLS has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. FALLS is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## **COUNT II - VIOLATION OF THE FAIR HOUSING ACT**
## **42 U.S.C. § 3601 *et. seq.***

31. MR. FALLS hereby adopts paragraphs 1 through 30 by reference as if fully stated herein.

32. On his Visit to the Property on or about January 19, 2016, MR. FALLS was interested in

obtaining information about the rental of housing from DEFENDANT.

33. As a result of the steps at the entrance to the Property, and the lack of a ramp or other means of entrance, MR. FALLS was unable to enter DEFENDANT'S office and inquire as to the availability of housing.

34. Upon information and belief, DEFENDANT'S location of its rental office in an inaccessible facility has a disparate impact on the availability of housing for persons with mobility-related disabilities.

35. Liability under the FHA can attach merely when a practice has a discriminatory effect on a protected class. As stated by the regulations for the FHA:

> "Liability may be established under the Fair Housing Act based on a practice's discriminatory effect, as defined in paragraph (a) of this section, even if the practice was not motivated by a discriminatory intent. …
>
> (a) *Discriminatory effect.* A practice has a discriminatory effect where it actually or predictably results in a disparate impact on a group of persons or creates, increases, reinforces, or perpetuates segregated housing patterns because of race, color, religion, sex, handicap, familial status, or national origin."
>
> 24 C.F.R. §100.500

36. DEFENDANT'S failure to remove the physical barriers at its rental office discriminates against persons with mobility-related disabilities as DEFENDANT'S policy predictably results in a disparate impact on persons with mobility-related disabilities. Specifically, persons with a mobility-related disability are unable to enter a rental office which is up a set of steps and are therefore unable to evaluate the housing options which DEFENDANT has made available to the general public.

37. Upon information and belief, DEFENDANT'S failure to remove the physical barriers at its rental office discriminates against persons with mobility-related disabilities as it increases,

reinforces, or perpetuates segregated housing patterns against persons with a mobility-related disability.

38. By failing to remove the physical barriers at its rental office, DEFENDANT has discriminated against MR. FALLS because of disability, in violation of 42 U.S.C. § 3604(f)(1).

39. DEFENDANT'S failure to remove the physical barriers at its rental office discriminates against persons with mobility-related disabilities as DEFENDANT'S policy predictably results in a disparate impact on persons with mobility-related disabilities. Specifically, persons with a mobility-related disability are unable obtain housing under the same terms, conditions, or privileges as a person's without a mobility-related disability.

40. By failing to remove the physical barriers at its rental office, DEFENDANT has committed discrimination against MR. FALLS because of disability, in violation of 42 U.S.C. § 3604(f)(2).

41. Given the forgoing, MR. FALLS has established a violation of the FHA and is entitled to an injunction, money damages, and attorneys fees/costs.

WHEREFORE, MR. FALLS demands judgment against DEFENDANT, and requests the following relief:

A. That this Court declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court declare that DEFENDANT is in violation of the FHA;

C. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full

extent required by Title III of the ADA and the DEFENDANT bring its policies and actions into compliance with the FHA;

D. That this Court enter an Order directing DEFENDANT to alter its policies, procedures, and practices to make sure that the Property is accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the FHA;

E. That this Court award damages for DEFENDANT'S violation of MR. FALLS' rights under the FHA;

F. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. FALLS; and

G. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn (LA # 35193)
aklevorn@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
      GARRET S. DEREUS